# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

**FILED**

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARCELLA J. CHEEK | ) | BRADLEY CHANCERY |
| | ) | |
| Petitioner/Appellee | ) | NO. 03A01-9706-CH-00218 |
| | ) | |
| v. | ) | HON. EARL H. HENLEY |
| | ) | CHANCELLOR |
| MARGARET CULEPPER, | ) | |
| COMMISSIONER OF | ) | |
| EMPLOYMENT SECURITY and | ) | |
| GALEN INTERNAL MEDICAL | ) | |
| GROUP, P.C., | ) | |
| | ) | REVERSED and |
| Respondents/Appellants | ) | REMANDED |

Cynthia R. Freemon, Chattanooga, Attorney for Appellant Galen Internal
Medical Group, P.C.

Randy Sellers, Cleveland, Attorney for Appellee Marcella J. Cheek.

## O P I N I O N

INMAN, Senior Judge

The Appeals Tribunal and the Board of Review held that this appellee
was disqualified to receive unemployment insurance benefits because she
voluntarily quit her job without good cause. Judicial review was sought by the
appellee, and the decision of the Board of Review was reversed by the
Chancellor, who found that "there was no substantial evidence to support the
finding of fact that the petitioner's shift change was temporary." The employer
appeals and presents for review the propriety of the reversal of the decision of
the Board of Review.

The same standard of review imposed on trial courts prevails on this

Court. Factual issues are reviewed against a standard of substantial and material evidence.

T. C. A. § 50-7-304(i)(2) provides:

(2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
    (A) In violation of constitutional or statutory provisions;
    (B) In excess of the statutory authority of the agency;
    (C) Made upon unlawful procedure;
    (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
    (E) Unsupported by evidence which is both substantial and material in the light of the entire record.
(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board shall be reversed, remanded or modified by the chancellor unless for errors which affect the merits of the final decision of the board. Such petition for certiorari and the attendant writ thereto shall be heard by the chancellor either at term time or vacation as a matter of right, any other statute of this state to the contrary notwithstanding.

See: Humana of Tennessee v. Tennessee Health Facilities Commission, et al., 551 S.W.2d 664 (Tenn. 1977); De Priest v. Puett, 669 S.W.2d 669 (Tenn. App. 1984).

## THE EVIDENCE

The appellee was employed as a laboratory technician by Galen Internal Medical Group. On January 6, 1995 she was informed that her work hours would be changed from the first to the second shift for two weeks at which time the employer would attempt to accommodate her wishes to remain on the first shift [i.e., from 7:00 a.m. to 3:00 p.m.] so that she might have the company of her grandchildren and spend more time with her husband. There was a degree of conflicting evidence about the permanence vis-a-vis temporary nature of this arrangement, but in any event, the appellee quit voluntarily three (3) days following the shift change.

2

The Board of Review concluded that the "[Petitioner's] 'self-imposed' restrictions to only being available for 7:00 a.m. to 4:00 p.m. do not establish good cause for leaving the job." The Chancellor disagreed, finding that the decision of the Board of Review was not supported by substantial and material evidence.

We are unable to agree with the Chancellor.

A claimant who quits employment is not disqualified from receiving benefits when the employee had good cause connected to the work for leaving the job. Thach v. Scott, 410 S.W.2d 173 (Tenn. 1966). It is well settled in this jurisdiction that a preference for particular hours of work is not a good cause to refuse or leave work. Aladdin Industries, Inc. v. Scott, 407 S.W.2d 161 (Tenn. 1966); Ford v. Traughber, 813 S.W.2d 141 (Tenn. App. 1991).

Under well settled principles, we cannot find that the decision of the Board of Review is unsupported by material and substantial evidence. The judgment of the Chancellor is therefore reversed, with costs assessed to the appellee .

                                  _____

CONCUR:                             William H. Inman, Senior Judge

_____

Herschel P. Franks, Judge

_____

Charles D. Susano, Jr., Judge